UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. PIERCE DIVISION

**DEAN LUCAS,**

    **Plaintiff,**

vs.   CASE NO.:

**GIRARD EQUIPMENT, INC.,**

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff DEAN LUCAS ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Defendant GIRARD EQUIPMENT, INC. ("Defendant") and in support thereof states as follows:

## INTRODUCTION

This is an action brought pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("FMLA"), to recover front pay, back pay, liquidated damages, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

## PARTIES

1. Plaintiff is an adult individual who resides in Indian River County, Florida.

2. Defendant GIRARD EQUIPMENT, INC., is and was at all relevant times, operating in Indian River County, Florida, and is within the jurisdiction of this Court. Therefore, venue is proper in this Court.

3. Defendant was an employer as defined by the laws under which this action is brought and employs greater than 15 employees.

## JURISDICTION AND VENUE

4. Jurisdiction of this matter arises under 28 U.S.C. §1331 with federal questions involving the FMLA, 28 U.S.C. § 1367. This matter also arises under 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 et seq.

5. This Court has jurisdiction over Plaintiff's claims because, at all times material to this Complaint, Plaintiff worked for Defendant in Indian River County, Florida.

6. The illegal conduct complained of and the resultant injury occurred within the judicial district in and for Indian County, Florida.

## FACTUAL ALLEGATIONS

7. Plaintiff was hired by Defendant on or about April 2012 and worked most recently for Defendant as a Shipping Manager.

8. On or about October 5, 2020 Plaintiff applied for FMLA.

9. Plaintiff suffered from a serious health condition requiring him to apply for intermittent FMLA.

10. Specifically, Plaintiff's serious medical condition requires him to take leave for several days whenever he has a medical episode.

11. Indeed, whenever Plaintiff experienced a medical episode, he would text message his manager, John Brennan, indicating he would be out of work the next day.

12. On Friday September 3, 2021, Plaintiff notified Mr. Brennan that he would be unable to work that day due to taking intermittent FMLA leave related to his serious medical condition.

13. On Tuesday September 6, 2021, Defendant demoted Plaintiff to a position that was considered entry level. Despite the demotion, Plaintiff worked the shift as instructed.

14. On September 8, 2021, Defendant would not allow Plaintiff into the workplace to begin his shift.

15. Instead, Defendant provided Plaintiff with termination paperwork.

16. Plaintiff alleges that prior to being terminated, Mr. Brennan explicitly told him the Defendant would terminate his employment due to taking FMLA.

17. At the time of his termination, Plaintiff had not received any disciplinary or performance warnings.

## COUNT V - FMLA RETALIATION

18. Plaintiff re-alleges and adopts the allegations stated in paragraphs 1-17.

19. Plaintiff was an employee entitled to the protection of the FMLA.

20. Defendant was Plaintiff's employer as defined by the FMLA.

21. Defendant intentionally discriminated and/or retaliated against Plaintiff for asserting his Rights under the FMLA.

22. Defendant had actual or constructive knowledge of the discriminatory and/or retaliatory conduct.

23. Defendant's actions constitute violations of the FMLA.

24. Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

25. Defendant's discriminatory acts and omissions occurred, because of Plaintiff's request for FMLA covered leave.

26. Defendant's conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the FMLA.

27. As a result of Defendant's actions, Plaintiff has suffered damages for which he is entitled to compensation, including, but not limited to lost wages and benefits, liquidated damages, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

28. Defendant's violations of the FMLA were intentional and willful.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

   a. Back pay and benefits;

   b. Interest on back pay and benefits;

   c. Front pay and benefits;

   d. Compensatory damages for emotional pain and suffering;

   e. Liquidated damages;

   f. Injunctive relief;

   g. Prejudgment interest;

   h. Costs and attorney's fees; and

   i. Such other relief as the Court may deem just and proper.

Dated on this 24th day of March, 2022.

Respectfully submitted,

**s/ MATTHEW GUNTER**
Matthew Gunter, Esq.
FL Bar No.: 0077459
MORGAN & MORGAN, P.A.
20 N. Orange Avenue, 15th Floor
Orlando, FL 32801
MAILING: P.O. Box 530244
Atlanta, GA 30353-0244
Main Tel.: (407) 420-1414
Direct Tel.: (407) 236-0946
Facsimile: (407) 867-4791
Email: MGunter@forthepeople.com
*Counsel for Plaintiff*

5